MASTERSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—COMMENCING WORK—NOTICE.

Where a contract for constructive work for a city requires the work to commence on the day designated by the commissioner of highways, a notice to commence work on May 9th, which is received on May 10th, is sufficient to require the contractor to commence in a reasonable time after its receipt.

2. SAME—DAMAGES FOR DELAY—CERTIFICATE OF OVERTIME—FRAUD—QUESTIONS FOR JURY.

Where a contract for a street improvement, imposing liquidated damages for failure to complete the work by a specified time, allows a deduction for delay caused by the city, to be determined and certified by the commissioner of highways, that the commissioner allowed no deduction on account of a sewer which the city permitted to be constructed in the street, or because of a retaining wall which had to be rebuilt, or for failure of the engineer to furnish grades, which delays arose through no fault of the contractor, is sufficient, in an action to recover a sum deducted by the city from the contract price for delay, to require a determination by the jury as to whether the commissioner, in making the certificate as to overtime, was not actuated by bad faith.

Appeal from Trial Term, New York County.

Action by William H. Masterson against the city of New York. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
Terence Farley, for respondent.

LAUGHLIN, J. On the 24th day of April in the year 1900 the plaintiff entered into a contract with the commissioners of highways

of the city of New York "for regulating, grading, setting curbstones, flagging the sidewalks, laying the crosswalks, and building fences in East 189th street, from Webster avenue to Third avenue," for the gross sum of $9,922.17. The plaintiff has fully performed the work to the satisfaction of the proper municipal authorities, and has been paid therefor in full, except the sum of $1,580, which has been deducted by the city and retained for overtime. The contract provided that the plaintiff should commence the work "on such day and such place or places as the commissioner of highways shall designate, and progress therewith so as to complete the same in accordance with this agreement on or before the expiration of 100 consecutive working days next thereafter, and that in the computation of such days the time (aggregated in days and parts of days) during which the work required by this contract has been delayed in consequence of the condition of the weather, or any act or omission on the part of the party of the first part (all of which shall be determined by the said commissioner, who will certify to the same in writing), and also Sundays and holidays on which no work is done, and days on which the prosecution of the whole work is suspended by order of the said commissioner, will be excluded." The commissioner of highways made a certificate as to the overtime to be charged against the contractor, charging him with 158 days overtime at $10 per day, which was the stipulated damages, aggregating the amount which has been deducted and detained. The action is brought to recover this balance, and it is alleged in the complaint that the certificate is "false, fraudulent, and untrue, made in bad faith, and under a misconstruction of the terms of said contract, and by palpable mistake." The notice to plaintiff to commence work under the contract was dated on the 7th of May, and required him to commence work on the 9th day of May, and at Park avenue. The notice was not received by the plaintiff until the 10th day of May, which was after the time specified for commencing the work. The plaintiff contends at the outset that this notice cannot be made the basis of enforcing the liquidated damage clause against him. We are of opinion that it served the purpose of a notice to commence work, but, the time for commencing work having passed, it was the plaintiff's duty to commence within a reasonable time after receiving the notice. That is the view taken by the commissioner, who computed the time from the 14th day of May. The verdict was directed at the close of the plaintiff's case. His counsel asked to go to the jury upon the question as to whether the certificate of overtime was not false, and made in bad faith and fraudulently. This motion was denied, and counsel for the plaintiff excepted. In these circumstances the direction for a verdict cannot be sustained if there was any evidence of fraud or bad faith tending to impeach the certificate. We are of opinion that plaintiff made out a prima facie case for submission to the jury. His evidence tended to show that Park avenue, where he was directed to commence work, was obstructed with water pipes, placed there by the city, which used 189th street between Park avenue and Third avenue for storing water pipe. He further testified that he was not given the plan which he was to follow in doing the work until some time in June. It also appeared that a retaining wall

which had been built along one side of this street between Park and Webster avenues had been built upon a wooden drain, and that the wall was sinking, and had to be taken up and rebuilt. The plaintiff testified that when he asked the engineer for stakes and grades of Park avenue, in order to begin work where he was ordered to commence, the engineer declined to give him the stakes upon the ground that this wall might have to be rebuilt. It appears from his evidence that he needed these stakes in order to do the work. It further appears that a large section of the retaining wall was removed and rebuilt by the plaintiff by order of the city. This took more than two months, and, according to testimony introduced in behalf of the plaintiff, delayed his work a considerable length of time.

Counsel for the respondent contends that, according to the testimony of the plaintiff, the taking down and rebuilding of the wall did not delay his contract work; but we are of the opinion that that is not the proper construction of his testimony. The plaintiff further showed that, after the city let this contract to him, a permit was granted to Church E. Gates & Co. to construct a·sewer .in 189th street between Webster and Park avenues, being all that part of the street in which the sewer was to be constructed that was not used by the city for storing water pipe, and that the construction of this sewer delayed the contract work. The plaintiff, according to his testimony, finding that the construction of the sewer was authorized, and that it would delay his work, took the contract therefor, and constructed it himself, thus delaying the contract work in question for a period of about 32 days. Counsel for the city argues that this was a private sewer. If so, the record does not show it. The evidence shows that branches were constructed from it for house connections, as if a public sewer; but, as we view it, it was immaterial whether it was a public or private sewer, if, indeed, a sewer could be a private sewer constructed in a public street. The material point is that the city permitted its construction at that time, and the interference and delay with the plaintiff's work was the same, regardless of the character of the sewer.

We have not overlooked the clause of the contract which provides that the contractor shall make no claim for damages in case the work should be postponed or delayed by the precedence of other contracts on the line of the work. The plaintiff is not asserting a claim for damages. He is insisting that the penalty or liquidated damages shall not be enforced against him where the delay was caused by the city.

Plaintiff testified that he did not commence the work until the 5th day of June, and that down to that day there was a building in 189th street at Webster avenue which prevented his commencing work at that end, even if he had been so directed, which does not appear.

The contract provided, among other things, that masonwork, setting curbstones, and laying flagging should cease from the 1st of December to the 1st of April, unless otherwise allowed by the commissioner of highways. The notice to the plaintiff to commence work expressly excepted from the notice work "excluded by the terms of your contract between December 1st and April 1st." It appears

that no work of this character was done from the 1st of December until the 1st of April, although part of the other work had progressed to a point where such work might have been done but for the prohibition contained in the contract. The commissioner of highways is presumed to have been familiar with the condition of this work, and to have been made aware of these facts resulting in delay to the plaintiff in the performance of his contract. It appears that the engineer expressly reported to him in writing the delay caused by the sewer. No allowance or deduction was made on account of the sewer, the retaining wall, the failure to give the plaintiff plans or stakes, or for the winter months, when, but for these delays, which arose through no fault of the plaintiff, the work might have been finished before the 1st of December. The plaintiff, from time to time, after the certificate was made, drew the attention of the commissioner to most of these facts tending to excuse the delay, and asked for a correction of the certificate; but no attention appears to have been paid to any of his communications. In these circumstances we are of opinion that the conduct of the commissioners in making the certificate and refusing to change it was shown to be so arbitrary and unjust as to present a question of fact for the consideration of the jury as to whether he was not actuated by bad faith.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.